UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Anna Breslin
on behalf of herself and
other similarly situated,
      Plaintiffs,

vs.                                            Case No.

Alexis Kaclik
and
Poppy + Co. Beauty Lounge LLC,
      Defendants.
_____/

## COMPLAINT

Plaintiff, ANNA BRESLIN, individually and on behalf of all others similarly situated and sues Defendants and states as follows:

## JURISDICTION

Jurisdiction in this Court is proper under 29 U.S.C. §1331 as this action arises under the Fair Labor Standards Act as amended, 29 U.S.C. §201, et. seq. and state law claims have pendent jurisdiction under 29 U.S.C. §1367.

## VENUE

Venue is proper in this Court as the Defendants are located within the Southern District, with the closest division being the Fort Pierce Division.

1

## PARTIES

1. Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. 203(e)(1).

2. Defendants were, and continue to be, in a business that is an "enterprise engaged in commerce" within the meaning of the FLSA.

3. Defendants are "employers" as defined by 29 U.S.C. §203(d).

4. Based on information and belief, the annual dollar volume of Defendants is in excess of $500,000. per annum.

5. If the annual dollar volume is not in excess of $500,000. per annum, then Defendants can be shown to have individual liability under the FLSA.

6. Plaintiff attempted to resolve this matter without litigation but was not successful.

## FACTUAL ALLEGATIONS

7. Plaintiff initially went to work for Defendants' salon as an employee performing the functions of a hair stylist.

8. Plaintiff was required to sign an employment contract but was not provided a copy even though she requested one several times, including at the conclusion of her employment.

9. Subsequently, Defendant Kaclik advised Plaintiff in writing that, starting the following pay period she was switching the tax form for employees from W2 to 1099.

10. In other words, Defendants changed Plaintiff's employment status to an independent contractor even though nothing else changed.

11. Defendant Kaclik also required Plaintiff to sign a booth rental agreement stating that they were paying $200 for a booth rental, knowing this was fraudulent as Defendants were not renting a booth to Plaintiff.

12. The Defendants exercised sufficient control over Plaintiff, making her an employee as opposed to an independent contractor.

13. For approximately sixteen (16) days, Plaintiff was required to come to work to "shadow" Defendant Kaclik without pay.

14. The purpose of the shadowing was to ensure that Plaintiff performed the hair services in the manner that Defendant Kaclik desired.

15. Plaintiff was not permitted to take new clients if she did not shadow Defendant Kaclik.

16. Plaintiff was also required to go to a local gym to promote Defendants' business without being paid.

17. Plaintiff and all others similarly situated were required to attend mandatory night meetings once a month that lasted between 30 minutes and one hour without pay.

18. Plaintiff was not permitted to charge clients what she chose to, but rather had to follow the Defendants' pricing.

19. Defendants controlled Plaintiff's hours as shown by the fact that on more than one occasion, she was required to stay and perform services for a customer who was late to their appointment. On one occasion, this caused Plaintiff to be late for her second job for which she was given written discipline.

20. Plaintiff was required to use Defendants' products that were carried in the salon.

21. Plaintiff was not permitted to work anywhere else styling hair.

## COUNT 1 BREACH OF CONTRACT
### (Individual Claim)

Plaintiff incorporates paragraphs 1 through 21 as if set forth fully herein.

22. Defendants required Plaintiff to sign an employment contract.

23. The contract specified that Defendants would take 40% of Plaintiff's earnings.

24. The contract had a provision by which Defendants could change the percentage of Plaintiff's earnings that Defendants would take.

25. Without following the notice requirements of the contract, Defendants changed the amount from 40% to 50%.

26. The percentage change caused harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages and all other damages allowable under the contract.

### COUNT 2 MINIMUM WAGE UNDER THE FAIR LABOR STANDARDS ACT
(Individual and Collective Claim)

Plaintiff incorporates paragraphs 1 through 21 as if set forth fully herein.

26. Plaintiff and other similarly situated employees were forced to work hours for which she did not receive any pay.

27. Since she and others similarly situated were misclassified as independent contractors rather than as employees, each is entitled to minimum wage for the hours not worked as well as liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants certifying this action as a collective action pursuant to 29 U.S.C. §216(b), for an amount equal to the minimum wage she would have earned if properly classified and paid;

an award of liquidated damages equal to the minimum wage award; judgment that Defendants; violations were willful, an award of attorney's fees and costs; and such other relief as the Court deems just and equitable.

## COUNT 3 TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
(Individual Claim)

Plaintiff incorporates paragraphs 1 through 21 as if set forth fully herein.

28. Plaintiff had existing ongoing relationships with clients of which Defendants were aware.

29. After Plaintiff no longer worked for Defendants, Defendant Kaclik made negative, untrue statements about Plaintiff in order to steal Plaintiff's clientele.

30. Defendants also used photographs of Plaintiff's work and presented it as the work of another stylist working at Defendant's salon.

31. As a result of Defendants actions, Plaintiff lost clientele, which resulted in a loss of income.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorney's fees, costs, and such other relief as the Court deems just and equitable.

## COUNT 4 FLORIDA WHISTLEBLOWER CLAIM
## (Individual Claim)

Plaintiff incorporates paragraphs 1 through 21 as if set forth fully herein.

32. Plaintiff was hired by Defendants pursuant to an employment contract.

33. Subsequently, Defendant Kaclik told Plaintiff that she would be switching her from a W-2 employee to a 1099 independent contractor.

34. Plaintiff told Defendants that she did not believe changing her to an independent contractor without changing anything else was legal.

35. Defendants terminated Plaintiff's employment as a result of her objection to purposefully misclassifying employees as independent contractors.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages,

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Dated: November, 13, 2023,

Respectfully submitted,
*/s/Beth Coke*
Beth Coke
Fla. Bar. #70726
Beth@cokeemploymentlaw.com
Coke Employment Law
131 N. 2nd Street, Suite 204
Fort Pierce, Fl. 34950
Telephone: (772) 252-4230
Facsimile: (772) 252-4575